Freeman, J.,
delivered the opinion of the court.
The only question presented for our decision in this case, arises on the cross bill filed for the rescission of the contract for sale of the land mentioned in the pleadings, on the ground of defective title in the vendor.
The deed from Osburn H. Boykin and wife to Thomas Anderson, making a link' in the chain of *30 title, is attacked because of defect in the certificate of acknowledgment on which it was registered. The particular objections to this certificate were not pointed out in argument, or in brief furnished, but on examination of it we find it clearly defective as to privy examination of the femme covert, in not showing that it was done understandingly, and perhaps in other respects. By sec. 2076 of Code, providing for acknowledgment of deeds by married women, it is enacted that the officer or court before whom the execution of such deed or instrument is acknowledged or proved, shall examine the wife privily and apart from her husband touching her voluntary execution of the same, and her knowledge of its contents and effect; and then prescribes the form of the certificate attesting the performance of this duty, in which it is required that the officer taking the acknowledgment shall certify that “she acknowledged the execution of the said deed to have been done freely, voluntarily and understandingly, without compulsion -or constraint from her said husband.”
While we would not be disposed to “stick in the bark” in the construction of this statute, and hold that the precise words must all be used, and that no equivalent words would be sufficient, yet if is always safer to employ the words of the law. The facts required by the provision above cited must appear, and we think it clear that a certificate that does not show that the deed was acknowledged understandingly, must be held defective, and the acknowledgment a nullity. We therefore hold this acknowledgment in *31 operative for this defect. In the language of the court in the case of Henderson & Beeson v. Rice & Gaines, 1 Col., 225, “a set form being prescribed, all implication, as to every material fact made necessary by the law, is entirely excluded.”
This deed, however, was registered 17th of September, 1846, and the sale of the land sought to be rescinded was made December 19, 1866 — a period of more than twenty years. It is therefore claimed that the defect is cured by lapse of time, under the provisions of the Code, sec. 2084, which is as follows: “ Whenever a deed has been registered twenty years or more, the same shall be presumed to have been under lawful authority, and the probate shall be good, though the certificate has not been transferred to the Register’s book, without regard to the form of the certificate.” This section embraces sec. 9 of the act of 1839, ch. 26, which was construed by this court in the two cases of Mathewson et al. v. Spencer, 3 Sneed, 519, 520, and 4 Sneed, 385, 386; and in the last of the above cases the following construction of the statute was then laid down by the court: “The effect of the statute is, that after the lapse of twenty years from the registration of a deed, the presumption becomes absolute and conclusive, from the simple lapse of time, that the registration was upon lawful authority, and all inquiry upon that subject is cut off.”
These cases are conclusive of the question. We therefore hold that the defect alleged is cured by lapse of time. The decree will be drawn in accordance with this opinion.